CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RW

APR 10 2014

JULIA C. DUDLEY, CLERK
BY: /s/ H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY WALL, | ) | Civil Action No. 7:11-cv-00191 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES WADE, <u>et al.</u>, | ) | By:   Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

By a previous Order, the court referred this matter to the Magistrate Judge for mediation, which occurred on April 9, 2014. As a result of that mediation, the parties agree on the record to settle all matters in dispute and to dismiss the lawsuit with prejudice, upon the following terms:

1. The parties agree that Plaintiff will be allowed to participate in any future religious fast or religious activity for which he qualifies without regard to his removal from the Ramadan program in 2010.

2. The parties agree that defendants will reimburse Plaintiff a total of $3,795 as compensation for this case. From that amount, the defendants shall pay, within thirty days of this Order, $805.00 to the court to cover Plaintiff's balance of the unpaid filing fees for the civil action and appeal. The defendants shall pay, within thirty days of this Order, $2,900 plus $90 in costs to Plaintiff by forwarding the payment to the Trust Accounts Officer at Plaintiff's present place of confinement for depositing into Plaintiff's account. The Clerk of Court shall notify the Trust Accounts Officer to not collect any further payments for the filing fee in this action from Plaintiff's account. Any money already withdrawn from Plaintiff's account that has been sent to the court that

results in excess payment of the filing fee shall be immediately refunded to Plaintiff upon the court's receipt.

3. The VDOC agrees to the entry of an order that provides that any policy requiring a sincerity requirement for inmates wishing to participate in Ramadan shall not be based solely upon a requirement that the inmate show possession of tangible religious property pertaining to the Muslim faith, such as a kufi, a Qu'ran, a prayer rug, or religious pamphlets.

4. By signing below, the parties agree to the foregoing statements, terms, and conditions to resolve Plaintiff's claims with prejudice.

_____    4/9/14
Gary Wall, Pro Se Plaintiff             Date

_____    4/9/14
Richard Carson Vorhis, Counsel for Defendants    Date

2

I have reviewed these terms and find them to fairly and reasonably resolve the case. Accordingly, it is hereby

**ORDERED**

as follows:

1. The terms of settlement are **APPROVED**;

2. The VDOC **SHALL NOT** enforce any policy requiring a sincerity requirement for inmates wishing to participate in Ramadan that is based solely upon a requirement that the inmate show possession of tangible religious property pertaining to the Muslim faith, such as a kufi, a Qu'ran, a prayer rug, or religious pamphlets;

3. The pending motion in this case is **DISMISSED**;

4. This action is **DISMISSED with prejudice** and **STRICKEN** from the active docket of the court;

5. The court **RETAINS** jurisdiction of this action for 60 days for purposes of enforcing the terms of the settlement to which the parties agreed on the record; and

6. The Clerk **SHALL** send copies of this Order to Plaintiff and to counsel of record for Defendants.

ENTER: this 10th day of April, 2014.

Jackson L. Kiser
Senior United States District Judge